**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | **CRIMINAL ACTION** **NO. 08-10132-PBS** |
| MELVIN SCOTT, Defendant. | ) ) ) ) ) | |

**ORDER ON THE DEFENDANT'S MOTION TO BE PERMITTED TO CONSENT TO DETENTION AND TO REMAIN IN U.S. MARSHAL'S CUSTODY AND FOR HEARING (DOCKET NO. 12)**
June 26, 2008

**HILLMAN, M.J.**

**Nature of the Offense and The Defendant's Motion**

On May 21, 2008, an Indictment was returned charging Melvin Scott with possession of more than five grams of cocaine base, in violation of 21 U.S.C. §844. At the time of the indictment, Scott was being held by the Massachusetts state court, Roxbury District Court, on two charges of trafficking in a controlled substance (docket nos. 0702 CR 1869 and 0802 CR 1383[1]). On June 6, 2008, this Court issued a Writ of Habeas Corpus ordering that on June 19, 2008, Scott be brought to the United States District Court in Boston, Massachusetts from the Nashua Street Jail, Boston, Massachusetts (Docket No. 7)("Writ"). Specifically, the Writ ordered that the U.S. Marshal for the District of Massachusetts, "or any of his deputies, and to: Nashua Street Jail", bring Scott to the United States District Court for purposes of his initial

---

[1] The conduct underlying this charge is the same as the conduct which is the basis of the Indictment for which Scott is before this Court. Scott's counsel asserted at the telephone conference that the state charge is likely to be dismissed; the Government did not argue to the contrary.

appearance and arraignment on June 19, 2008 and further ordered, that after his attendance before the Court was complete, "as soon may be thereafter to return said Melvin Scott ... to the institution from which he was taken". *Id.*

At Scott's initial appearance, the Government moved to detain him pursuant to 18 U.S.C. §§3142(f)(1)(C)(Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A)(risk of flight) and the matter was continued until June 23, 2008 for a detention hearing.

On June 23, 2008, the Court and counsel for the Government and Scott held a telephone conference at which the Government, citing *United States v. King*, 818 F.2d 112 (1st Cir. 1987), asserted that because Scott is currently being held by the state court pending disposition of the above referenced outstanding charges, he is not entitled to a detention hearing at this time. Instead, he should be returned to state custody, a federal detainer shall be lodged against him, and upon being released by the state, he would be returned to federal custody for his detention hearing. Scott's counsel agreed that under *King*, Scott's detention hearing should be deferred until he is released from state custody. However, Scott's counsel indicated that he believed his client would prefer to remain in federal custody pending disposition of the federal charges rather than be returned to the state to answer to the charges outstanding there. Counsel requested time to research the matter and, if warranted, file a motion for Scott to remain in federal custody. On June 25, 2008, Scott filed his motion to consent to detention and remain in federal custody.

Defendant has requested a hearing on this motion. I am denying that request because I do not find that a hearing on this motion would provide any further assistance to this Court with respect to resolving the issues raised by the motion.

**Discussion**

Defendant indicates that he does not assent to his transfer back to state court. He requests that he be permitted to assent to detention in this Court and remain in federal custody. In support of his motion, he cites to *King*. He also cites to *King v. Smith*, CV F No. 05-1053 OWW DLB HC, 2007 WL 2253601 (E.D.Cal. 2007). The Government opposes Scott's motion on the grounds that as a matter of comity, the Government is required to return Scott to Massachusetts upon completion of the proceedings for which he was habed into federal court because Massachusetts is the sovereign with primary jurisdiction.

"[T]he sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority jurisdiction ... may elect under the doctrine of comity to relinquish it to another sovereign. This discretionary election is an executive, and not a judicial function". *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980). Since Scott was first arrested by the state, Massachusetts has primary jurisdiction and since he was detained in those matters, this Court must relinquish custody over Scott until those matters are resolved. In order for Scott to remain in federal custody, Scott would have to show that Massachusetts has relinquished its primary jurisdiction. He has not done so. Furthermore, there can be no suggestion that the state inferentially relinquished jurisdiction by permitting Scott to be transported to the federal court in accordance with the Writ. On the contrary, the Writ specified that Scott was being brought into this Court for purposes of his initial appearance and arraignment and upon completion of that and any related proceedings, he would be returned to state custody.

Neither *King* nor *Smith*, the cases cited by Scott, are to the contrary. In *King,* the First Circuit held that it was not prejudicial to an incarcerated defendant to have his detention hearing in connection with outstanding federal charges postponed until such time as he was released from serving a state sentence. *King*, 818 F.2d at 114-15. *King* does not address the issue raised by Scott, *i.e.,* whether he has the right to refuse to be returned to state custody after an appearance in federal court pursuant to a writ of habeas corpus ad prosequendum. *Smith's* relevance to this matter is unclear. In that case, the issue was whether a prisoner was properly denied credit for time temporarily spent in federal custody pursuant to a writ of habeas corpus ad prosequendum and while in subsequent state custody during which time a federal detainer was lodged against him. It is clear from reading that opinion that after being habed into the federal court, the prisoner was actually returned to the state court system, which had primary jurisdiction over him.[2]

Under these circumstances, I am denying Scott's motion to permit him to remain in federal custody. At the same time, because Scott is currently in state custody and therefore, would not be subject to pretrial release, I find that the Government has established good cause to continue the detention hearing in this matter until such time that Scott has been released from state custody.

## Conclusion

Defendant's Motion to Be Permitted to Consent to Detention and to Remain in U.S. Marshal's Custody and for Hearing (Docket No. 12) is **denied**. Melvin Scott shall be returned

---

[2] Scott's reliance on *Smith* is puzzling; the court expressly states that "[a] federal sentence does not begin to run when a federal defendant is produced from state custody for federal prosecution pursuant to a *federal writ of habeas corpus ad prosequendum*". *Smith*, 2007 WL 2253601 at *2.

to the Nashua Street Jail and a federal detainer lodged against him.  A hearing as to whether he shall be detained in connection with this Indictment shall be held promptly upon his release from state custody.

        /s/Timothy S. Hillman
        TIMOTHY S. HILLMAN
        MAGISTRATE JUDGE